IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL W. MORRISSEY and TONI K. MORRISSEY, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| | : | No. 14-05193 |
| v. | : : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : : : | |
| Defendant. | : | |

# **M E M O R A N D U M**

**Stengel, J.**                                                                                       **November 6, 2014**

This insurance contract dispute was removed to this court on September 10, 2014 based on diversity of citizenship of the parties. The plaintiffs move to remand this action to state court. I will deny this motion.

## I.      PROCEDURAL HISTORY

Plaintiffs Samuel and Toni Morrissey initiated this action in Berks County, Pennsylvania based on several state law claims arising out of a dispute with Defendant State Farm Fire and Casualty Insurance Company, their homeowner's insurance provider. They served State Farm with the complaint on August 11, 2014.[1] Prior to formally filing the complaint and serving it, the plaintiffs filed a "Praecipe for Summons" and "Notice of Records Deposition in Aid of Drafting a Complaint" on March 27, 2014. The Writ of

---

[1] See Doc. No. 1, Ex.-Part 1.

1

Summons and the Notice of Records Deposition in Aid of Drafting a Complaint were served on the defendant on April 17, 2014.

The defendant removed the action to this court on September 10, 2014 based on diversity of citizenship under 28 U.S.C. § 1332. The plaintiffs are Pennsylvania residents. The defendant is incorporated in Illinois. From what has been pled, the amount in controversy appears to be in excess of $75,000.[2] On September 18, 2014, the plaintiffs moved to remand to state court, claiming that the defendant's removal was untimely. The plaintiffs also contest that the defendant is a citizen of Illinois for the purposes of diversity jurisdiction.

## II.  DISCUSSION

### a. The Defendant's Removal Was Timely

Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." The plaintiffs argue that § 1446 required the removal of an action to federal court within thirty days of the service of the Writ of Summons.[3]

It is well-established law that the plaintiffs' Writ of Summons could not trigger the 30-day period for removal. A writ of summons cannot serve as an "initial pleading"

---

[2] Neither party contests that the amount in controversy is in excess of the jurisdictional limits. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

[3] Plaintiffs' Motion to Remand, Doc. No. 5 at 3. I will note that the plaintiffs fail to cite any case law which would support his argument that a Writ of Summons and/or a Notice of Deposition would be considered an "initial pleading."

that triggers the 30-day period for removal under 28 U.S.C. § 1446(b). Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). See Sikirica v. Nationwide Insurance Co., 416 F.3d 214, 222 (3rd Cir. 2005)("A summons may not serve as an initial pleading under Murphy Bros."). Where a complaint is received after service of the summons, the "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons…" Murphy Bros., 526 U.S. at 347-48. "[I]f the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint." Id. at 354.

As Murphy Bros. explained, Congress intended to make the removal period uniform for all states. Id. at 351-52.[4] Congress recognized that in some states, like Pennsylvania, the service of summons initiates an action "plac[ing] the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about." Id. at 352.[5]

---

[4] See also Sikirica, 416 F.3d at 223 ("Murphy Bros. noted that Congress amended the statute partly to provide for uniform operation across the nation. Murphy Bros., 526 U.S. at 351, 119 S.Ct. 1322. We would impede this purpose by adopting the Whitaker rule in the Third Circuit, since defendants in Pennsylvania could be required to decide whether to remove without seeing the complaint or knowing the nature of the cause of action, whereas defendants in Delaware and New Jersey would always have such notice.").

[5] See also Sikirica, 416 F.3d at 223 ("The model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. This is insufficient to notify the defendant 'what the action is about.' The writ of summons in this case contained no information about the nature of the action." (citation omitted)).

Under this same line of thinking, the plaintiffs' Notice of Records Deposition in Aid of Drafting a Complaint would not serve as an initial pleading as well. The notice itself indicated that the plaintiffs needed State Farm's documents *in order to even draft their complaint* against State Farm. If the plaintiffs aren't even entirely clear of their claims against the defendant, it would be difficult to see how the defendant would be put on notice of the plaintiffs' claims. Section 1446(b) further provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable….

Neither the Writ of Summons nor the Notice of Records Deposition provided the defendant with information from which it could be ascertained that the case is removable. See Plaintiff's Motion to Remand, Doc. No. 5, Ex. A and B. There are no facts, allegations, or information in the Notice of Records Deposition to determine that the amount in controversy exceeded the $75,000 jurisdictional limit or even to determine what allegations and claims were being asserted against State Farm. Neither can serve as the "initial pleading" to trigger the 30-day period for removal. Rather, in line with established case law, the complaint was the triggering "initial pleading."

State Farm filed the Notice of Removal on September 10, 2014, within thirty days of receipt of the complaint filed on August 11, 2014. State Farm's Notice of Removal was timely filed.

### b. The Defendant is a citizen of Illinois

The plaintiffs contest the defendant's claim that it is an Illinois citizen.[6] For the purposes of diversity jurisdiction, a corporation is deemed a citizen of: 1) any State in which it is incorporated, and 2) of any State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).[7] A corporation's "principal place of business" is its "nerve center," that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

---

[6] The plaintiffs did not initially file a memorandum of law in support of their motion to remand. In its response, the defendant argued that the plaintiffs' motion to remand should be denied for their failure to file a brief along with their motion, in violation of Local Rule of Civil Procedure 7.1(c). The plaintiffs then filed a memorandum of law in support of their motion on October 3, 2014, two weeks after their initial motion was filed. As a memorandum of law in support of the initial motion, it is absolutely untimely. As the defendant points out, I could have denied their motion based on Local Rule of Civil Procedure 7.1(c).

Instead, I treated it as a reply to the defendant's response rather than a memorandum of law supporting the initial motion because it offered a new argument regarding diversity. The plaintiffs contend in this memorandum that the defendant had not established in its removal that its principal place of business as being in Illinois. I typically do not entertain reply briefs unless a party has been granted leave to file them. See Procedures of Judge Stengel C.2 at 6. The plaintiffs never requested leave to file this brief. For this reason, I also should not have considered this memorandum in in deciding this motion.

Nonetheless, I allowed the memorandum to serve as a reply because it challenged the fundamental tenet of jurisdiction and raised an issue at the heart of a motion to remand. Though the plaintiffs' arguments in their reply brief were weak, I ordered the defendant to file a sur-reply regarding the issues of its citizenship. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010)("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."(citations omitted)).

As I noted in my Order for the sur-reply, I will not tolerate a continued lack of consideration for procedural rules by the plaintiffs. See Doc. No. 12.

[7] Specifically, 28 U.S.C. § 1332(c)(1) states: "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant…." The insured is a party defendant so that first part of § 1332(c)(1) applies.

It is clear that State Farm would be considered a citizen of Illinois because it is incorporated in the State of Illinois.[8] In addition, State Farm has also offered facts to show that its "nerve center" is located in Bloomington, Illinois. The defendant's corporate headquarters is located at One State Farm Plaza in Bloomington, Illinois.[9] These headquarters serves as its main administrative office.[10] Its Annual regulatory statements filed with state regulatory authorities list this office in Bloomington as its home office.[11] Its federal tax returns and state premium tax returns are prepared and filed from this office.[12] The defendant's books and records are maintained at this home office.[13] Its Board of Directors meetings are held primarily at the Bloomington office.[14] Its directors are primarily elected at the Bloomington office.[15] Its principal officers are located at the Bloomington, Illinois office.[16] All other "functional departments"—i.e.

---

[8] See Defendant's Sur-reply to Motion to Remand, Doc. No. 13 at 2; Affidavit in Support of Sur-reply of Jim Larson, Assistant Vice President at State Farm Mutual and Assistant Secretary-Treasurer of State Farm Fire, at p. 2 ¶ 4.

[9] Affidavit in Support of Sur-reply of Jim Larson, Assistant Vice President at State Farm Mutual and Assistant Secretary-Treasurer of State Farm Fire, at p. 2 ¶ 4. Jim Larson attests that this has been the address of the State Farm Fire's headquarters for the past ten years and that Bloomington, Illinois has been the home of State Farm Fire's headquarters since the company was started in 1935. Id.

[10] Id.

[11] Id.

[12] Id. at p. 2 ¶ 7.

[13] Id. at p. 2 ¶ 5.

[14] Id.

[15] Id.

[16] Id.

actuarial, underwriting, claims, human resources, systems IT, and administrative services—are located at the Bloomington headquarters.[17]

It is clear from the facts provided that the defendant's principal place of business is located in Bloomington, Illinois and that it is a citizen of Illinois.[18] The defendant has met its burden and established that diversity jurisdiction is appropriate.

### III.  CONCLUSION

For the foregoing reasons, I will deny the plaintiffs' motion to remand to state court.

An appropriate Order follows.

---

[17] Id. at p. 2 ¶ 6.

[18] By all accounts of public record, the defendant's principal place of business is Illinois as well. See, e.g., State Farm Fire & Cas. Ins. Co. v. O'Neill, No. Civ.A.04-1337, 2005 WL 555368, at *1 (E.D. Pa. Mar. 8, 2005) (explaining how jurisdiction appropriate because claim is between citizens of different states, with defendants being Pennsylvania homeowners); Francis v. State Farm Fire & Cas. Ins. Co., No. 09–407, 2009 WL 1704725, at *2 (E.D. La. Jun. 15, 2009)("State Farm is incorporated and has its principal place of business in Illinois, Rec. Doc. 16 at 4, and is domiciled in the State of Illinois for purposes of diversity jurisdiction."); Batiste v. State Farm Fire & Cas. Co., No. 09–0540, 2009 WL 1940846, at *2 (E.D. La. Jul. 2, 2009)("State Farm is incorporated and has its principal place of business in Illinois, Rec. Doc. 14 at 4, and is domiciled in the State of Illinois for purposes of diversity jurisdiction."); State Farm Fire & Cas. Ins. Co. v. McAnany, CIV. A. No. 87–2069–O, 1989 WL 45387, at *1 (D. Kan. Apr. 18, 1989)("Findings of Fact 1. State Farm Fire & Casualty Insurance Company is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Bloomington, Illinois.").